**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| BRANDON A. FITZPATRICK, #S11673, and ELIZABETH S. FITZPATRICK, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-cv-02216-JPG |
| vs. | ) ) | |
| KEVIN JACKSON, TROY HAILS, and JEREMY OSBORN, | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiffs Brandon and Elizabeth Fitpatrick filed this civil rights action under 42 U.S.C. § 1983 against three detectives employed with the Mt. Vernon Police Department. According to the Complaint, Detectives Kevin Jackson, Troy Hails, and Jereomy Osborn forcefully entered their residence on March 26, 2021. (Doc. 1, pp. 1-7). At the time, Defendants wore plain clothing and brandished firearms, while claiming they had a search warrant. They arrested Brandon Fitzpatrick in the presence of his two minor daughters and pregnant wife, Eliabeth Fitzpatrick. While doing so, Defendants violently hip-tossed and body-slammed Mr. Fitzpatrick. Then, Defendants ordered Mrs. Fitzpatrick to leave with the children, while they searched the residence and destroyed its contents. When they finally obtained records of the incident on May 5, 2025, the Fitzpatricks learned that no warrant, field test results, or lab test results supported the search or seizure on March 26, 2021. They now seek money damages for the allegedly unlawful search and seizure, use of force, and infliction of emotional distress. *Id*.

1

Before Plaintiffs move forward with their Complaint, the Court must address several preliminary matters. This includes each plaintiff's obligation to pay the filing fee for this action and their ability to litigate claims together in a single case.

## A.    Filing Fee

Plaintiffs commenced this action together and paid a single filing fee of $405.00. However, each plaintiff incurred the obligation to pay a $405.00 filing fee for this action at the time this case was opened. Plaintiffs cannot avoid the obligation to pay a filing fee by filing a single complaint and naming multiple plaintiffs. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Mrs. Fitzpatrick will be credited with payment of the $405.00 fee for this case.

Mr. Fitzpatrick is currently in custody of the Illinois Department of Correction (IDOC) and may be eligible to proceed *in forma pauperis* (IFP) without prepaying the full filing fee. Therefore, the Court will direct the Clerk's Office to send Mr. Fitzpatrick a blank form Motion for Leave to Proceed *in forma pauperis* (IFP motion) for his completion and filing. If he chooses to request IFP status, Mr. Fitzpatrick must file the properly completed IFP motion, along with a certified trust fund statement for the six-month period immediately preceding this action (*i.e.*, from June 22, 2025 through December 22, 2025). The deadline for the IFP application is **APRIL 24, 2026**. Mr. Fitzpatrick is **WARNED** that failure to return a properly completed IFP motion by this deadline will result in denial of IFP and the obligation to prepay the $405.00 filing fee before his case moves forward. If he would like to avoid a fee altogether, Mr. Fitzpatrick may file a Motion for Voluntary Dismissal of Case by the same deadline of **APRIL 24, 2026**, and no fee will be assessed for his case.

2

**B.    Joinder**

The Court next turns to the issue of joinder of a prisoner's claims with a non-prisoner's claims in a single action.  The Seventh Circuit Court of Appeals addressed the difficulties of administering *group prisoner* complaints in *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).  In *Boriboune*, the Seventh Circuit made clear that district courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied.  *Id*.  Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." *See id*. at 855.  If the requirements for permissive joinder are satisfied, complaints filed by multiple prisoner-plaintiffs can proceed together.  *Id*.

Even where the requirements for permissive joinder are satisfied, however, a district court may turn to other civil rules to manage a multi-plaintiff case and sever claims, add or drop parties, order separate trials, or issue pretrial orders, whenever appropriate.  *Id*. at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)).  When making such decisions, district courts have broad discretion. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001).  This "discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay."  *Id*.

The question here is not whether the Court should accept the Complaint.  The Court already accepted it.  The basic requirements for permissive joinder are satisfied because Plaintiffs' claims arose from the same events and involved the same defendants.  Therefore, the question is whether Mr. and Mrs. Fitzpatrick should proceed together in a single action or separately in their own suits,

given other relevant factors that weigh in favor of separate suits for each plaintiff. The Court has considered the below factors and determined that separate suits are more appropriate.

Different legal standards control screening. This Complaint was filed by a prisoner (Mr. Fitzpatrick) and a non-prisoner (Mrs. Fitzpatrick). Prisoner-filed complaints are subject to mandatory preliminary review under 28 U.S.C. § 1915A, which requires the Court to conduct an early screening of a prisoner's complaint and filter out portions that are frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. *Id*. As a prisoner-litigant, Mr. Fitzpatrick may incur a "strike," if the action is dismissed for one of these reasons. *See* 28 U.S.C. § 1915(g). For complaints filed by a non-prisoner seeking indigent status, the applicable screening standard is 28 U.S.C. § 1915(e), which requires denial of *in forma pauperis* (IFP) and dismissal of any complaint that is frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. *Id*. For complaints filed by a non-prisoner who pays the filing fee, no review of the complaint is necessary under § 1915(e) or any other source. Under the circumstances presented, this Court must screen Mr. Fitzpatrick's prisoner-filed complaint under § 1915A[1] but not Mrs. Fitzpatrick's non-prisoner complaint that was filed with the fee paid in full. *But see Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003) (district court can dismiss transparently defective or frivolous suits *sua sponte* even if the plaintiff has paid all filing fees).

Different facts support each Plaintiff's claims. Mr. Fitzpatrick's claims arise from an allegedly unlawful arrest without a warrant or probable cause, an unlawful use of force by Defendants, and an unlawful search of the residence. In contrast, Mrs. Fitzpatrick's claims arise

---

[1] Section 1915A review is required for prisoner-filed civil rights complaints regardless of whether the prisoner prepays the full filing fee or seeks leave to proceed IFP.

4

from the emotional distress caused by watching her husband's arrest and the allegedly unlawful search of her residence.  The facts necessary to sustain these claims are specific to each Plaintiff.

Other hurdles to group litigation exist.  Mr. and Mrs. Fitzpatrick cannot sign and file motions on behalf of one another, if they proceed together in a single suit.  *See* FED. R. CIV. P. 11. Although the plaintiffs properly gathered all signatures for the Complaint, they did not do so for the Motion for Service of Summons.  Securing both signatures on every legal document is difficult when litigating a case from inside prison (Mr. Fitzpatrick) and outside prison (Mrs. Fitzpatrick) at the same time.  Moreover, inmates frequently move, making coordinated efforts more challenging. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice).  As this occurs, it becomes more difficult to review, sign, and file pleadings together in compliance with Rule 11.  Regardless, each plaintiff will be held responsible for knowing what is filed on his or her behalf.  If sanctions are deemed appropriate in any aspect of the case (whether directly or indirectly related to a plaintiff), both plaintiffs will be subject to the sanction under Rule 11.

Given these considerations, the Court finds that proceeding together would result in unnecessary and avoidable confusion, delay, prejudice, and cost for Plaintiffs.  The Court may, at any time, add or drop a party or sever a claim on just terms.  *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be properly screened). . . . ").  At this time, the Court finds that severance is necessary to ensure the "just, speedy, and inexpensive determination" of each case. *See* FED. R. CIV. P. 1.  Severance now does not preclude consolidation later of an issue, a hearing, a trial, or otherwise.  *See* FED. R. CIV. P. 42(a).  It also does not prevent Plaintiffs from continuing to coordinate their efforts.

The Court deems it necessary and appropriate to require Plaintiffs to proceed with their claims in separate suits. Mrs. Fitzpatrick will proceed in this case, and the filing fee will be applied to this matter. She will also be given a 30-day deadline to file a First Amended Complaint *in this case* that focuses only on her claims.

Mr. Fitzpatrick's claims will be severed into a separate case. He will be given a 30-day deadline to file a properly completed IFP motion, along with a certified trust fund statement covering the 6-month period preceding the filing of the original Complaint (*i.e.*, June 22, 2025 to December 23, 2025). Mr. Fitzpatrick will also be given a 30-day deadline to file a First Amended Complaint that focuses only on his claims. All instructions and deadlines are set forth below.

### Disposition

**IT IS ORDERED** that Plaintiff Elizabeth S. Fitzpatrick will proceed alone with her claims in this case. Plaintiff Elizabeth S. Fitzpatrick is credited with prepaying the entire filing fee of $405.00 for this action. Plaintiff is **ORDERED** to file a First Amended Complaint focusing only on her claims in this case (No. 25-cv-02216-JPG) on or before **APRIL 24, 2026**.

**IT IS ORDERED** that Plaintiff Brandon A. Fitzpatrick is required to proceed with his claims in a separate severed suit. Therefore, Plaintiff **BRANDON A. FITZPATRICK** is **DISMISSED without prejudice** from this action. Plaintiff is **ORDERED** to file a First Amended Complaint focusing only on his claims in the severed case on or before **APRIL 24, 2026**.

Each Plaintiff is **ORDERED** to file a First Amended Complaint in his or her respective case that focuses only on claims pertaining to that Plaintiff. The First Amended Complaint will supersede and replace the original Complaint and render it **VOID**. Therefore, the First Amended Complaint must stand on its own without reference to any other document.

**The Clerk of Court is DIRECTED to SEND EACH PLAINTIFF a blank civil rights complaint form along with a courtesy copy of the original Complaint; SEND Brandon Fitzpatrick a blank form IFP motion; TERMINATE Plaintiff BRANDON FITZPATRICK as a party to this action; OPEN a severed case naming Plaintiff BRANDON FITZPATRICK and all three Defendants as parties; and FILE the following documents therein**:

1) The Complaint (Doc. 1); and
2) This Memorandum and Order Severing Case.

In the newly-severed case, Plaintiff Brandon Fitzpatrick is responsible for paying the $405.00 filing fee *unless* he: (a) files a properly completed IFP motion that is granted *or* (b) he timely advises the Court that he does not wish to proceed with the newly-opened case.

Plaintiff Brandon Fitzpatrick's Motion for Service of Summons (Doc. 15) is **DENIED** as **UNECESSARY** for an indigent prisoner-plaintiff and **DISMISSED** as signed by one plaintiff.

The only plaintiff remaining here is Plaintiff **ELIZABETH S. FITZPATRICK**.  **The Clerk is DIRECTED to modify the case caption as follows: ELIZABETH S. FITZPATRICK, Plaintiff vs. KEVIN JACKSON, TROY HAILS, and JEREMY OSBORN, Defendants**.

Plaintiffs are **ADVISED** of their continuing obligation to keep the Clerk of Court and each opposing party informed of any change in address; the Court will not independently investigate his or her whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/25/2026**

**J. PHIL GILBERT**
**United States District Judge**

7