UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH S. FITZPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN JACKSON, TROY HAILS, and JEREMY OSBORN,<br><br>Defendants. | Case No. 25-cv-2216-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 29). Plaintiff Elizabeth S. Fitzpatrick has responded to the motion (Doc. 31), and the defendants have replied to that response (Doc. 35). Fitzpatrick has asked the Court to strike the reply brief (Doc. 36), and the defendants have not responded to that motion. The Court will deny the motion to strike the defendants' reply because the brief does not impermissibly add any new argument to the dispute.

## I. Standard for Dismissal

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 8 F.4th at 776-77.

This standard, however, will not prevent dismissal of a complaint that pleads too much. A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Craig v. Rich Twp. High Sch. Dist. 227*, 736 F.3d 1110, 1121 (7th Cir. 2013).

## II. Alleged Facts

Taking all the factual allegations in the Amended Complaint as true and drawing all reasonable inferences from those facts in Fitzpatrick's favor, the following relevant facts are established for the purposes of this motion.

On March 26, 2021, defendants Kevin Jackson, Troy Hails, and Jeremy Osborn, all detectives with the Mt. Vernon, Illinois, Police Department, searched the home of Fitzpatrick and

her husband, Brandon A. Fitzpatrick (for clarity, the Court will refer to the plaintiff's husband by his first name). Fitzpatrick, Brandon, and their two children were in the home at the time of the search; Fitzpatrick was four months pregnant with their third child.

The detectives were in plain clothes, did not arrive in a marked police car, and brandished guns to gain entry into the home. They kicked in the front door onto Fitzpatrick, dragged her out of the house in her nightgown, and would not let her back in. They announced that they had a search warrant, but they never provided it to Fitzpatrick during the search. In fact, they had no search warrant or, alternatively, were acting on an invalid search warrant. They arrested Brandon in front of his children using force.

At the defendants' direction, Fitzpatrick and her daughters left the house. When they returned later after driving around for seven hours, they found the defendants had left the doorways to the house and an outbuilding in the backyard wide open, the insides of the house and the outbuilding were in ruins, the house was uninhabitable, and Fitzpatrick's dog was running loose. Brandon was eventually convicted of a crime related to the search, although it appears he is still challenging some aspect of that conviction in a post-conviction petition.[1]

Fitzpatrick was forced to incur expenses to fix the damage done to her home and her possessions as well as for Brandon's bond, criminal defense, and post-judgment proceedings. She and her children also suffered severe emotional distress from the search-related events as well as from Brandon's absence from their daily lives.

Fitzpatrick and Brandon jointly filed a complaint on December 22, 2025 (Doc. 1). Their cases were severed, and Fitzpatrick filed the Amended Complaint pleading only her claims on April

[1] The Court has consulted the public record of Brandon's criminal case, 2021-CF-144, from the Jefferson County Circuit Court docket. *See* Judici.com, Jefferson County, search for 2021CF144; *see, also, Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) (may consider public records when resolving a Rule 12(b)(6) motion to dismiss).

13, 2026, and a corrected Amended Complaint on April 20, 2026 (Docs. 17 & 19). The Court considers all her claims to relate back to December 22, 2025. In the Amended Complaint, she asserts claims for a search without a valid warrant[2] in violation of the Fourth and Fourteenth Amendments (Count 1), a seizure of her person in violation of the Fourth and Fourteenth Amendments (Count 2), disruption of her family unit in violation of the Fourteenth Amendment due process clause (Count 3), and emotional distress in violation of the Fourteenth Amendment due process clause (Count 4). She seeks compensatory and punitive damages

The defendants now seek to dismiss the Amended Complaint as untimely because it was filed more than two years after the events of March 26, 2021. Fitzpatrick argues the statute of limitations should be equitably tolled because she did not learn of the warrant problem until March 2025, when one of Brandon's attorneys sent Fitzpatrick his case file.

## III. Analysis

It is unusual, but not unheard of, to dismiss a case under Rule 12(b)(6) on statute of limitation grounds. Ordinarily, the statute of limitations is an affirmative defense that is not appropriate for consideration on a motion to dismiss. "Plaintiffs are not required to anticipate or refute potential affirmative defenses in the complaint." *Reilly v. Will County Sheriff's Office*, 142 F.4th 924, 930 (7th Cir. 2025) (citing *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022)). "[B]ecause timeliness issues are heavily fact-dependent, those questions are best left for summary judgment or trial so that the court may rule on them with a complete factual record." *Reilly*, 142 F.4th at 930. This standard, however, will not prevent dismissal of a complaint that pleads too much. *Id.* "Where a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Orgone Cap. III v.*

[2] In places, Fitzpatrick suggests there was no warrant at all, Am. Compl. ¶ 48; at other places she suggests a warrant existed but that it was invalid, Am. Compl. ¶ 18.

*Daubenspeck*, 912 F.3d 1039, 1043-44 (7th Cir. 2019) (citing *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015)); *Reilly*, 142 F.4th at 930.

Several concepts are important to a limitations analysis: accrual of the claim, the limitations period, and equitable tolling.

A. Accrual

Accrual of a § 1983 claim is governed by federal law only. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). A federal claim accrues when the plaintiff "knows or should know that his or her constitutional rights have been violated." *Hileman*, 367 F.3d at 696; *accord Reilly*, 142 F.4th at 930. It is enough that the plaintiff know of her injury and that the defendants caused it. *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (ignorance of legal rights should not delay accrual if plaintiff knew he was injured and who inflicted the injury); *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) (same). To identify this point in time, the Court should first identify the plaintiff's injury, and then determine when the plaintiff could have sued for that injury, which should coincide with the date the plaintiff "knows or should know" that her rights were violated. *Hileman*, 367 F.3d at 696. This can be a fact-intensive inquiry involving consideration of the surrounding circumstances and the claims asserted. *Reilly*, 142 F.4th at 930; *Hileman*, 367 F.3d at 696.

Based on the facts asserted in the Amended Complaint, it is clear that Fitzpatrick's causes of action accrued at the time the searches and seizures occurred. *See Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016) (stating "a Fourth Amendment claim accrues at the time of the search or seizure"); *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("a claim asserting that a search or seizure violated the fourth amendment . . . accrues immediately"); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995) ("A cause of action under § 1983 for an improper arrest or search accrues at the time of the arrest or search.").

At the time of the search and seizure in this case, Fitzpatrick knew of her injuries and that the defendants caused them. To put it into the *Hileman* two-step framework, first, her injuries were the destruction of her home, the order for her to leave her home, the arrest and continued detention of her husband, and the resulting emotional distress, all of which began on March 26, 2021. At that time, it was clear that the defendants, acting within the scope of their governmental authority, were responsible for her injuries. That was enough to put Fitpatrick on notice that she needed to investigate the legality of their conduct—were they justified by a warrant, was it a flawed warrant, and was a warrant even required. On March 26, 2021, she knew or should have known her rights were violated, and she could have filed suit even if she did not understand her full injury or under what legal theory she could be entitled to relief.

B. Limitations Period

Federal civil rights claims arising in Illinois are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202. *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). The statute of limitations begins to run on the date a cause of action accrues. 735 ILCS 5/13-202.

For Fitzpatrick, this means that her two-year statute of limitations began to run on March 26, 2021, and expired on March 26, 2023. The only way her December 2025 lawsuit could be timely is if the statute of limitations were tolled.

C. Equitable Tolling

Equitable tolling principles are different than accrual principles.[3] "[E]quitable tolling assumes that the plaintiff *knows* [s]he has been injured; the limitations period is tolled, however, if

[3] The analysis of this issue has been complicated because the parties and the cases they cite often confuse accrual and equitable tolling and often fail to distinguish between state and federal law on those issues.

[s]he cannot obtain information necessary to file suit." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). In § 1983 cases arising in Illinois, Illinois equitable tolling rules apply. *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001). In Illinois, the doctrine of equitable tolling allows a plaintiff to avoid the bar of the statute of limitations if, despite the exercise of all due diligence, she cannot get vital information about her claim, and it would have been unreasonable to expect her to sue earlier. *Id.* at 595; *Am. Fam. Mut. Ins. Co. v. Plunkett*, 14 N.E.3d 676, 681 (Ill. App. Ct. 2014) (equitable tolling may be appropriate "if the plaintiff has been prevented from asserting his or her rights in some extraordinary way" such as "an irredeemable lack of information"). "[A]n essential element is that the plaintiff have exercised due diligence; in other words that [s]he have acted reasonably." *Shropshear*, 275 F.3d at 595. Nevertheless, in Illinois, it is rarely applied. *Am. Fam. Mut. Ins. Co.*, 14 N.E.3d at 682.

With respect to equitable tolling, the defendants argue against tolling because they believe Fitzpatrick did not act with diligence after the search of her home to discover information vital to her claim—the absence of a valid warrant. They point to the timeline of the offending search in March 2021 and Fitzpatrick's discovery in March 2025 that there allegedly was no valid search warrant as conclusive evidence that she was not diligent in seeking information about the justification for the search.[4]

Fitzpatrick claims that she was unable to bring her lawsuit within the statute of limitations because, as she pleaded in the Amended Complaint, the defendants told her during the search that they had a search warrant, and she did not discover otherwise until March 4, 2025, after she received the file of Brandon's attorney. It is unclear whether she discovered the absence of a warrant or a basis to argue the warrant was invalid.

[4] Notably, they do not address the nine-month delay between when Fitzpatrick discovered there was allegedly no valid warrant in March 2025 and when she filed suit in December 2025.

It is important to remember that a plaintiff does not need to negate an affirmative defense like the statute of limitations in her complaint. But if a plaintiff pleads facts that would negate equitable tolling, the Court may dismiss her claim if it was filed beyond the limitations period. The Court is dubious that Fitzpatrick could not have obtained the attorney's file or public information about the warrant or search within the two years after the search. The defendants' representations that a warrant existed would not have deterred a reasonable person from immediately looking for the warrant and discovering whether it existed or was infirm. However, it is conceivable that Fitzpatrick might have encountered other obstacles in a diligent investigation of the warrant. It is not her duty to plead facts as to her diligence in order to defeat a statute of limitations defense. For this reason, the Court finds, for the purposes of this motion only, that the defendants have failed to show that equitable tolling could not apply. They may reassert the statute of limitations defense on summary judgment or at trial.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Fitzpatrick's motion to strike the defendants' reply brief (Doc. 36) and **DENIES** the defendants' motion to dismiss on statute of limitations grounds (Doc. 29).

**IT IS SO ORDERED.**
**DATED: August 21, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**