UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH S. FITZPATRICK,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN JACKSON, TROY HAILS, and JEREMY OSBORN,<br><br>Defendants. | Case No. 25-cv-2216-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the following motions: Plaintiff's First Motion to Compel Discovery (Doc. 46), Second Motion for Issuance of Rule 45 Subpoena (Doc. 49), and Motion to Defer Consideration of Defendants' Motion for Summary Judgment and Preserve Limited Discovery (Doc. 61). It also comes before the Court on Defendants' Motion for Leave to File Answer Instanter (Doc. 51) and Motion to Stay Discovery (Doc. 57). For the reasons explained below, Defendants' motion to stay discovery is **GRANTED** and Plaintiff's Rule 56(d) motion is **DENIED**. Discovery is **STAYED** until resolution of Defendants' Motion for Summary Judgment (Doc. 54). The Court **DENIES without prejudice** Plaintiff's First Motion to Compel (Doc. 46) and Second Motion to Issue Rule 45 Subpoena (Doc. 49). Plaintiff may renew those motions, if necessary, after the stay in discovery is lifted. The Court **DEFERS** ruling on Defendants' Motion for Leave to File Answer Instanter (Doc. 51). Defendants shall file a reply by **November 2, 2026**, specifically addressing the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

## I. Factual Background

According to the Amended Complaint, on March 26, 2021, defendants Kevin Jackson, Troy Hails, and Jeremy Osborn, all detectives with the Mt. Vernon, Illinois, Police Department, searched

the home of Fitzpatrick and her husband, Brandon A. Fitzpatrick (for clarity, the Court will refer to the plaintiff's husband by his first name). Fitzpatrick alleges that although Defendants announced that they had a search warrant, they never provided it to Fitzpatrick during the search and in fact, "they had no search warrant or, alternatively, were acting on an invalid search warrant." They kicked in the front door onto Fitzpatrick, dragged her out of the house in her nightgown, and would not let her back in. Brandon was eventually convicted of a crime related to the search.

Fitzpatrick and Brandon jointly filed a complaint on December 22, 2025. (Doc. 1). Their cases were severed, and Fitzpatrick filed the operative Amended Complaint on April 20, 2026, asserting the following claims: search without a valid warrant[1] in violation of the Fourth and Fourteenth Amendments (Count 1), a seizure of her person in violation of the Fourth and Fourteenth Amendments (Count 2), disruption of her family unit in violation of the Fourteenth Amendment due process clause (Count 3), and emotional distress in violation of the Fourteenth Amendment due process (Count 4).

On July 1, 2026, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's claims were barred by the applicable two-year statute of limitations and that Plaintiff's claims should be dismissed because Plaintiff anticipated Defendants' statute of limitations affirmative defense and specifically addressed it in her complaint. (Doc. 29). The Court found that the statute of limitations issue was not clearly determinable from the Amended Complaint and noted:

> The Court is dubious that Fitzpatrick could not have obtained the attorney's file or public information about the warrant or search within the two years after the search. The defendants' representations that a warrant existed would not have deterred a reasonable person from immediately looking for the warrant and discovering whether it existed or was infirm. However, it is conceivable that Fitzpatrick might have encountered other obstacles in a diligent investigation of the warrant.

[1] In places, Fitzpatrick suggests there was no warrant at all, Am. Compl. ¶ 48; at other places she suggests a warrant existed but that it was invalid, Am. Compl. ¶ 18.

(Doc. 39, p. 8).

Thereafter, the parties engaged in extensive and contested discovery, which repeatedly required the Court's intervention. Defendants produced a copy of a search warrant that appears to authorize the March 26, 2021, search. Plaintiff has challenged the authenticity and validity of that warrant and has filed two motions seeking to subpoena certified copies of the search warrant material from the Jefferson County Circuit Clerk. (Docs. 43, 48 & 49). She also moved to compel Defendants to supplement their written discovery responses. (Docs. 46 & 49). Defendants took Plaintiff's deposition on October 7, 2026. Defendants' depositions have been noticed for the following weeks, beginning October 30, 2026.

On October 15, 2026, Defendants moved for summary judgment on the issue of the statute of limitations and also asked that discovery be stayed pending resolution of that issue. (Docs. 54 & 57). They argued that Plaintiff's deposition establishes that "nothing prevented Plaintiff from investigating her potential claims and that she simply failed to take any action despite claiming she always believed Defendants did not have a valid search warrant." (Doc. 57, p. 2). On October 16, 2026, Plaintiff filed a response opposing the motion to stay and also moved to defer ruling on Defendants' motion for summary judgment until after she has a meaningful opportunity to obtain evidence relevant to her opposition. (Docs. 59 & 61). On October 18, 2026, she filed a substantive response to Defendants' motion for summary judgment, asking the Court to deny the motion or in the alternative defer ruling as requested in her Rule 56(d) motion. (Doc. 62). Defendants opposed Plaintiff's motion to defer, and Plaintiff replied. (Docs. 63 & 64).

## II. Defendants' Motion for Leave to File Answer Instanter (Doc. 51)

On August 21, 2026, the Court denied Defendants' motion to dismiss the Amended Complaint, making Defendants' answer due on September 4, 2026. *See* Fed. R. Civ. P. 12(a)(4) ("responsive pleading must be served within 14 days after notice of the court's action" denying a

motion to dismiss). On October 14, 2026, Defendants filed a motion for leave to file answer instanter. They cited Fed. R. Civ. P. 6(b) and argued that they failed to file an answer timely due to a miscommunication between defense counsel and staff. (Doc. 51). Plaintiff opposed the motion. She did not seek the entry of default but argued that Defendants have not adequately shown excusable neglect. The Court agrees.

Under Rule 6(b), the Court may grant an extension of time after a deadline has expired, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The inquiry of excusable neglect is "an equitable one." *Pioneer*, 507 U.S. at 395. The Court should consider "all relevant circumstances surrounding the party's omission [including] . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* The burden of showing excusable neglect rests on the moving party. Here, Defendants' motion fails to address the *Pioneer* factors or provide adequate factual background to allow the Court to determine whether the alleged miscommunication with staff amounts to excusable neglect. Accordingly, by November 2, 2026, Defendants shall file a reply brief addressing the *Pioneer* factors.

**III. Plaintiff's Rule 56(d) Motion (Doc. 61)**

The Court may defer consideration on a motion for summary judgment, allow time for additional discovery or issue other appropriate order if the opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56 (d). The mere pendency of discovery is insufficient to postpone consideration of a motion for summary judgment. *Farmer v. Brennan*, 81 F.3d 1444, 1450 (7th Cir. 1996) (citing *Resolution Trust Corp. v. North Bridge Associates*, 22 F.3d 1198 (1st Cir. 1994)). Rather, the party invoking Rule 56(d) must identify with specificity the material facts that it anticipates discovering if

allowed to conduct further discovery. *See Grundstat v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance). The reasons offered must "demonstrate clearly" why continuance is justified. *Reed v. Lawrence Chevrolet, Inc.*, 14 F. App'x 679, 685 (7th Cir. 2001) (unpublished). A "fond hope that more fishing might net some good evidence" does not suffice to support a Rule 56(d) motion. *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019) (citing *Davis v. G.N. Mortgage Corp.* 396 F.3d 869, 885 (7th Cir. 2005)). Further, the district court has substantial discretion in managing discover and can deny a Rule 56(d) motion if the moving party had previously failed to diligently engage in discovery or when the requested discovery will be clearly futile. *Smith*, 933 F.3d at 866-68. Still, denial of a properly supported Rule 56(d) motion may warrant remand where discovery is still open and "there are pending discovery disputes" on material facts. *Id.* at 865.

Here, discovery is still open, Defendants have not yet been deposed, and there are pending discovery disputes regarding Defendants' written discovery responses and the subpoena of the warrant-related material. Yet, Plaintiff has not satisfied her burden to show with specificity how additional discovery could produce evidence that is material to the motion for summary judgment.

In her response to Defendants' motion for summary judgment and her Rule 56(d) motion, Plaintiff does not dispute that her cause of action accrued the day of the search, on March 26, 2021, or that the 2-year statute of limitations applies in this case. (Doc. 62, ¶¶ 1, 5). She argues, however, that the doctrine of equitable tolling may apply in this case, and asks for additional discovery to gather relevant evidence.[2] Defendants counter that, according to her deposition, Plaintiff had been suspicious

---

[2] Equitable estoppel is an alternative tolling doctrine. *See Shropshear v. Corporation Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001) ("the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time"). Plaintiff, however, has not claimed that Defendants' affirmative conduct prevented her from filing this lawsuit timely and has not otherwise argued that equitable estoppel applies in this case. *See* Doc. 62, ("Plaintiff recognizes that reliance on an attorney who did not represent her and did not act for Defendants does not, by itself, establish estoppel against Defendants."); *Shropshear*, 275 F.3d at 597 (finding equitable estoppel inapplicable where the plaintiff's attorney, rather than the defendant, concealed the claim from plaintiff).

about the legality of the March 26, 2021, search since day one and did not act with diligence after the search of her home to discover information vital to her claim—the absence of a valid warrant. Accordingly, to prevail in her Rule 56(d) motion, Plaintiff needs to state with specificity the reasons for which additional discovery is necessary to establish that equitable tolling applies in this case.

"[E]quitable tolling assumes that the plaintiff *knows* [s]he has been injured; the limitations period is tolled, however, if [s]he cannot obtain information necessary to file suit." *Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003). In § 1983 cases arising in Illinois, Illinois equitable tolling rules apply. *Shropshear*, 275 F.3d at 596. In Illinois, the doctrine of equitable tolling allows a plaintiff to avoid the bar of the statute of limitations if, *despite the exercise of all due diligence*, she cannot get vital information about her claim, and it would have been unreasonable to expect her to sue earlier. *Id.* at 595; *Am. Fam. Mut. Ins. Co. v. Plunkett*, 14 N.E.3d 676, 681 (Ill. App. Ct. 2014) (equitable tolling may be appropriate "if the plaintiff has been prevented from asserting his or her rights in some extraordinary way" such as "an irredeemable lack of information"). "[A]n essential element is that the plaintiff ha[s] exercised due diligence; in other words that [s]he ha[s] acted reasonably." *Shropshear*, 275 F.3d at 595. Illinois courts apply the doctrine sparingly. *Am. Fam. Mut. Ins. Co.*, 14 N.E.3d at 682.

In her Rule 56(d) motion, Plaintiff argues that she seeks "limited testimony and existing records" on the following:

> (a) what warrant each officer personally saw, possessed, or showed Plaintiff during the March 26, 2021 search;
> (b) what each officer told Plaintiff about the warrant;
> (c) who presented the application, received the signed warrant, filed or returned the papers, and what court-file identifier or repository was used;
> (d) what the officers know about whether the judicial record was publicly obtainable in 2021-2023, including any indexing or access restrictions; and
> (e) the origin of the uncompleted return form included with the warrant packet. . . .

(Doc. 61, p. 1). She claims that sworn testimony from the participating officers "*may* identify the warrant's original custodian, judicial file number, presentation, issuance and return procedures, and any information bearing on contemporaneous record access," which "*may* substantiate or undermine Defendants' assertion that a reasonably diligent person could have obtained a court-filed warrant within the limitations period." (Doc. 61, p. 2) (emphasis added). In her five-page long affidavit in support of the Rule 56(d) motion, Plaintiff sets forth a detailed narrative of the procedural posture of this case but devotes a single paragraph to the information she seeks to obtain if she is allowed to conduct additional discovery. Specifically, she states that she needs Defendants' sworn testimony as to the following: "who applied for and obtained the warrant, who possessed and executed it, who completed and returned the warrant and inventory, the identity and custodian of any judicial file, and what public record of the warrant existed or could have been accessed during 2021-2023." (Doc. 61-1, p. 5). She argues that those "facts *may* bear on Defendants' claim that a layperson could readily obtain the official warrant within the limitations period." (*Id.*) (emphasis added).

Plaintiff's claim that Defendants' deposition may provide information about the public accessibility of the search warrant during 2021-2023 is nothing more than a fishing expedition. Plaintiff has not argued thus far in this case that she made any attempts to obtain copies of the warrant within two years after the March 26, 2021, search. She has not argued that she attempted to review the Jefferson County Circuit Clerk's public records regarding relevant evidence or that she submitted a Freedom of Information Act ("FOIA") or other request to Defendants, but she was denied access to relevant information. Rather, the basis of her equitable tolling argument is that, despite her continuous suspicion about the illegality of the March 26, 2021, search, she relied on the representation of Brandon's attorney that the search was conducted pursuant to a valid warrant. Still, she testified at her deposition that she did not seek copies of the record maintained by that attorney or make other attempts during that time to obtain the record, even though she remained suspicious about the validity

of the search even after the attorney's reassurance. Plaintiff does not explain how Defendants' testimonies could provide material evidence in support of that argument, and the Court cannot conceive what material information Defendants can provide on that ground.

More importantly, Plaintiff does not explain why she could not have commenced this action within two years from the March 26, 2021, search, without access to "independently identifiable, certified judicial warrant file, a search warrant application and filed time-stamped documents from the Circuit Clerk, an associated judicial filing or miscellaneous-case number, or a completed filed return and sworn inventory from the Circuit Clerk." (Doc. 61, ¶ 2). Plaintiff has still not obtained access to this information; yet she was able to initiate this action in 2025 and file an Amended Complaint that survived a motion to dismiss. To initiate a civil action in federal courts, a plaintiff does not need to plead her evidence—a notice pleading suffices. Development of the evidentiary record is the very purpose of the post-complaint discovery process. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) ("A complaint need not allege all, or *any,* of the facts logically entailed by the claim, and it certainly need not include evidence.") (internal quotation marks omitted).

Because Plaintiff has failed to satisfy her burden of showing with specificity why additional discovery is necessary to respond to Defendants' motion for summary judgment, her Rule 56(d) motion is **DENIED**.

## IV. Defendants' Motion to Stay Discovery (Doc. 57) & Plaintiff's Pending Discovery Motions (Docs. 46 & 49)

Contemporaneously with the motion for summary judgment, Defendants moved to stay discovery pending its disposition. Of course, the filing of a dispositive motion does not automatically stay discovery. The Court, however, has broad discretion in managing discovery, and staying may be appropriate if the dispositive motion can "resolve the case," or where any further discovery would be futile in defeating the motion. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336-37 (N.D.

Ill. 2005); *Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ind. Apr. 29, 2008).

Here, the issue of timeliness of Plaintiff's action can be dispositive of the entire case. Further, as discussed earlier, Plaintiff has failed to show how any further discovery is likely to produce facts necessary to defeat the motion for summary judgment. The Court finds that staying of further discovery in this case, including Defendants' depositions and Plaintiff's pending discovery motions, is justified in the interest of "just, speedy, and inexpensive" resolution of this case. *Henson v. Dep't of Health & Hum. Servs.*, 892 F.3d 868, 874 (7th Cir. 2018) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45-46, 136 S. Ct. 1885, 195 L. Ed. 2d 161 (2016)). Accordingly, discovery is **STAYED** pending resolution of Defendants' Motion for Summary Judgment. The Court **DENIES without prejudice** Plaintiff's First Motion to Compel (Doc. 46) and Second Motion to Issue Rule 45 Subpoena (Doc. 49). Plaintiff may renew those motions, if necessary, after the stay in discovery is lifted.

The Court finds it necessary to note that denial of Plaintiff's Second Motion for Issuance of Rule 45 Subpoena (Doc. 49) is also warranted on one additional ground. On September 30, 2026, the Court denied Plaintiff's first request to subpoena the Jefferson County Circuit Clerk for the warrant-related material due to her failure to show any independent attempts to obtain those documents directly from the state court. (Doc. 48). Plaintiff renewed her motion on October 9, 2026, alleging that, immediately following the Court's ruling, she submitted a formal request to the state court for certified copies of the warrant material, which is still pending. (Doc. 49). She states in her motion that she emailed Circuit Clerk Randy Pollard on October 1, 2026, asking for "the warrant-file number or other identifier, any restriction on access, and the procedure for obtaining a ruling" to which "Pollard replied that sealed, impounded, or secured records are not accessible without a court order." (Doc. 49, ¶ 3). Plaintiff's representation of the exchange is misleading. Review of the attached email shows that Pollard responded to Plaintiff's request as follows:

> The court case files are available for public viewing; however, any case or filing that

> has been sealed, impounded, or secured is not accessible to the public without a court order. You are welcome to come and review any court file and filings that do not fall within the noted category.

(Doc. 49-1, p. 30). He did not clarify whether the requested documents are sealed, impounded, or secured, but instead invited Plaintiff to the state court to review publicly available records. However, Plaintiff fails to explain in her motion whether she visited the courthouse to review the files and confirm their accessibility. Accordingly, for the reasons explained in the Court's September 30, 2026, order, Plaintiff's renewed request to subpoena should also be denied because she has not demonstrated adequate attempts to obtain the requested material directly from the state court.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Stay Discovery (Doc. 57) is **GRANTED,** and Plaintiff's Rule 56(d) Motion (Doc. 61) is **DENIED**. Discovery is **STAYED** until resolution of Defendants' Motion for Summary Judgment (Doc. 54). The Court **DENIES without prejudice** Plaintiff's First Motion to Compel (Doc. 46) and Second Motion to Issue Rule 45 Subpoena (Doc. 49). Plaintiff may renew those motions, if necessary, after the stay in discovery is lifted. The Court **DEFERS** ruling on Defendants' Motion for Leave to File Answer Instanter (Doc. 51). Defendants shall file a reply by **November 2, 2026**, specifically addressing the factors set forth in *Pioneer*.

**IT IS SO ORDERED.**
**DATED: October 23, 2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**